**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 10-156-DLB**

**EDWARD & JOHANNA MEIMAN**                                                    **PLAINTIFFS**

**vs.**                                    **MEMORANDUM OPINION AND ORDER**

**KENTON COUNTY, KENTUCKY, ET AL.,**                                        **DEFENDANTS**

\*        \*        \*        \*        \*        \*        \*

This action arises from Plaintiffs' allegations that Defendant Municipalities and Insurers are improperly assessing a tax on policyholders' insurance premiums. Plaintiffs seek declaratory judgment and corresponding injunctive relief that the tax must be paid by Defendant Insurers rather than the policyholders, or, in the alternative, that the tax is being improperly assessed based on the policyholders' zip code, rather than the location of the insured risk.

Currently pending before the Court are Motions to Dismiss by Defendants Allstate Insurance Company (Doc. # 16), Automobile Insurance Company of Hartford, Connecticut (AIC-Hartford) and Standard Fire Insurance Company (Doc. # 20), and Franklin County (Doc. # 22), which have been fully briefed (Docs. # 24, 25, 26, 27, 31, 37) and are ripe for review. Defendant Kenton County has not moved for dismissal. For the reasons that follow, Defendants' motions are **granted**.

**I.        BACKGROUND**

Plaintiffs Edward and Johanna Meiman, on behalf of themselves and a similarly

1

situated class of plaintiffs, filed the original Class Complaint in Kenton Circuit Court on June 19, 2008 alleging that Kenton County, as representative of a class of Municipal Defendants, improperly assessed a tax enacted under KRS § 91A.080 on insurance premiums and retained taxes to which it was not entitled. (Doc. # 1-23 at 55).

On August 26, 2008, Plaintiffs filed the First Amended Class Complaint naming Kenton County and Franklin County representatives of an expanded, newly defined defendant class. (Doc. # 1-23 at 6). Plaintiffs later explained that they added Franklin County because it "was seeking to serve as a class representative, for all Kentucky counties, in an action which similarly challenged the improper tax collection practices pursuant to KRS § 91A.010." (Doc. # 27 at 1 n.1).

Nearly a year later, Plaintiffs moved to file a Second Amended Class Complaint. (Doc. # 1-22 at 22). Defendants opposed this motion, which led to several rounds of briefing in which Franklin County argued that Plaintiffs' proposed Second Amended Class Complaint should be denied as futile. (Docs. # 1-16 at 2, 20; 1-10 at 2, 1-9 at 52). Declining to address the underlying merits of the controversy, and citing its long standing tradition "to liberally and freely grant parties leave to amend their pleadings," the state court granted Plaintiffs' motion (Doc. # 27-1 at 4-5). Plaintiffs filed their Second Amended Class Complaint on January 20, 2010. (Doc. # 1-4 at 46).

Thereafter, Plaintiffs filed a Motion for Class Certification (Doc. # 1-8 at 3) and a Motion for Summary Judgment (Doc. # 1-7 at 48). The parties did not brief the Motion for Class Certification, agreeing that it should be held in abeyance pending disposition of

Plaintiffs' Motion for Summary Judgment.[1]  (Doc. # 30-1 at 1).  Rather than adjudicate Plaintiffs' Motion for Summary Judgment, however, the state court held that the insurance companies, which collected—and retained a percentage of—the disputed taxes were, under Kentucky law, indispensable parties to the action.  (Doc. # 30-1 at 6-7).  The state court reasoned that "[a] ruling in the Meimans' favor would, in effect, require these insurance companies to deduct such taxes from their corporate bottom lines."  (Doc. # 30-1 at 4).  Consequently, requiring the insurance companies to shoulder such a burden "without ever having been provided the opportunity to argue otherwise. . . . simply would not be fair."  (Doc. # 30-1 at 4).

In response, Plaintiffs filed their Third Amended Class Complaint naming Allstate and Travelers Insurance Company as Defendants and proposing a class of Defendant Insurers.  (Doc. # 1-1 at 52, 63).  By agreed order, AIC-Hartford and Standard Fire were substituted for Travelers.  (Doc. # 1-1 at 6).

With the consent of Defendants AIC-Hartford and Standard Fire (Doc. # 1-25 at 2),[2] Defendant Allstate removed the case to federal court on July 16, 2010.  (Doc. # 1). Defendants Allstate, AIC-Hartford, Standard Fire, and Franklin County then filed Motions to Dismiss.  (Docs. # 16, 20, 22).  Shortly thereafter, Plaintiffs moved to remand the case to Kenton Circuit Court, arguing that several exceptions to the Class Action Fairness Act (CAFA) divested the Court of subject matter jurisdiction.  (Doc. # 23).  The Court denied

---

[1]  Both motions were pending in state court at the time of removal.

[2]  Though Defendants Kenton and Franklin Counties did not expressly consent to removal, both formally adopted Defendant Insurers' Responses in Opposition to Plaintiffs' Motion to Remand. (Doc. # 29).

Plaintiffs' Motion to Remand on February 2, 2011 (Doc. # 40), and now takes up the pending dismissal motions.

## II. STANDARD OF REVIEW

Defendants have moved for dismissal under Fed.R.Civ.P. 12(b)(1) and (6). The Court, however, considers the 12(b)(1) argument first because the Rule 12(b)(6) argument becomes moot if the Court lacks subject matter jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946) for the proposition that a "motion to dismiss for failure to state a cause of action may be decided only after establishing subject matter jurisdiction, since determination of the validity of the claim is, in itself, an exercise of jurisdiction").

A defendant is entitled to assert lack of subject matter jurisdiction as an affirmative defense in a timely filed motion to dismiss. Rule 12(b)(1); *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys. Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Id.* (citing *Moir*, 895 F.2d at 269). In particular, a plaintiff must establish that the complaint alleges a claim under federal law, and that claim must not be frivolous. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 n.1 (6th Cir. 1996).

## III. DISCUSSION

Defendants Allstate, AIC-Hartford, Standard Fire, and Franklin County have filed Motions to Dismiss, all of which share at least one basic argument: Because Plaintiffs have not exhausted the administrative remedies provided and required by KRS § 91A.0804, the Court does not have subject matter jurisdiction. *See Commonwealth v. DLX, Inc.,* 42

S.W.3d 624, 625 (Ky. 2001) ("As a general rule, exhaustion of administrative remedies is a jurisdictional prerequisite to seeking judicial relief") (citing *Goodwin v. City of Louisville*, 215 S.W.2d 557, 559 (Ky. 1948)); *Popplewell's Alligator Dock No. 1 v. Revenue Cabinet*, 133 S.W.3d 456, 472-73 (Ky. 2004) (reinstating the trial court's judgment which "dismiss[ed] [the plaintiffs'] complaints for lack of jurisdiction" because plaintiffs failed to exhaust their administrative remedies). Because the Court agrees, Defendants' Motions to Dismiss are granted.

KRS § 91A.0804 became effective on July 15, 2008 and is entitled, "Exclusive remedy for adjustments relating to license fees or taxes imposed under KRS 91A.080." Subsection (1) explains that the statute covers claims arising from the collection and allocation of insurance premium taxes:

> The provisions of this section shall provide the sole and exclusive method for the filing of amended returns and requests or assessments by any insurance company, local government, or policyholder for nonpayment, underpayment, or overpayment of any license fees or taxes imposed pursuant to KRS 91A.080 and the appeals from the denial or refusal thereof.

Thus, KRS § 91A.0804 applies to this case, which is a claim for "overpayment of any license fees or taxes imposed pursuant to KRS 91A.080."

The statute denies any court jurisdiction until its administrative process has been exhausted: "No legal action shall be filed by any party prior to the exhaustion of all administrative remedies provided under this section." KRS § 91A.0804(8). Because it is undisputed that Plaintiffs have not initiated the administrative process detailed in KRS § 91A.0804, subsection (8)'s plain language—if applicable—deprives the Court of jurisdiction over this action.

Plaintiffs argue that KRS § 91A.0804 is inapplicable to this action. Subsection (2) provides that KRS § 91A.0804 "shall not apply to any refund or credit to an insurance company or policyholder or assessment by a local government that is affected by litigation pending on July 15, 2008."[3] Plaintiffs contend that because they filed the original Class Complaint on June 19, 2008, this litigation was "pending" before July 15, 2008, when KRS § 91A.0804 went into effect. (Doc. # 27 at 5). Therefore, Plaintiffs conclude, KRS § 91A.0804's administrative exhaustion requirement is inapplicable to this case.

Defendants counter that Plaintiffs' amended complaints, which named new defendants, constitute new actions. And because the new actions were commenced after July 15, 2008, KRS § 91A.0804(8) requires Plaintiffs to exhaust all administrative remedies before the Court has jurisdiction. Defendants additionally argue that Kentucky Rule of Civil Procedure (CR) 15.03, which permits an amended complaint to relate back to the date of the original complaint, does not apply to Plaintiffs' amended complaints.

---

[3] The parties do not suggest that the phrase, "affected by litigation pending on July 15, 2008," serves as anything more than KRS § 91A.0804's effective date. The Court agrees. *See Franklin Cnty., Ky. v. Travelers Prop. Cas. Ins. Co. of Am.*, 368 F.App'x 669, 670, 2010 WL 841185, at *2 (6th Cir. 2010) ("This litigation was filed three days before the effective date of recent amendments [KRS § 91A.0804] to the insurance-tax provisions that would otherwise answer the legal questions presented here"). To interpret this provision as anything more than KRS § 91A.0804's effective date would eviscerate the statute because much of the tax premium litigation pending before July 15, 2008 is still pending; these cases involves large classes and request far-reaching legal pronouncements and would "affect" many claims commenced after July 15, 2008.

Recognizing that the General Assembly likely did not intend such implications by using the phrase, "affected by litigation pending on July 15, 2008," the Court will interpret this provision as KRS § 91A.0804's effective date and thereby avoid the unworkable and, most likely, unintended consequences of alternative interpretations. *See Horn by Horn v. Commonwealth*, 916 S.W.2d 173, 175 (Ky. 1995) ("[T]he general rule in statutory construction 'is to ascertain and give effect to the intent of the General Assembly'" (quoting *Beckham v. Bd. of Educ. of Jefferson Cnty., Ky.,* 873 S.W.2d 575, 577 (Ky. 1994))).

**A.     An Amended Complaint Naming a New Defendant Commences a New Action**

The foundation of Defendants' argument is that each time Plaintiffs filed an amended complaint naming a new defendant, Plaintiffs commenced a new action as to the new defendant.  Defendants cite numerous cases for the proposition that "the precedent of [the Sixth Circuit] clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'"  *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (quoting *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)).  The Sixth Circuit recently reaffirmed this rule and extended it to bar the addition of plaintiffs, not just defendants, after the applicable statute of limitations expired.  *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010).  Though Defendants assume this rule—that an amended complaint adding a new party commences a new action as to that party—is generally applicable, the above-cited cases involve statutes of limitations.

Instead, the Court relies on a line of cases applying this rule to a fact pattern analogous to the one in this case: Where plaintiffs file an original complaint before a newly enacted statute takes effect, then file an amended complaint naming a new party after the statute takes effect.

The Sixth Circuit addressed this scenario in *Smith v. Nationwide Property & Casualty Insurance Co.*, 505 F.3d 401, 403 (6th Cir. 2007), where plaintiff filed his original complaint in 2004 and then filed an amended complaint in 2006, adding a proposed class of plaintiffs; shortly thereafter, defendant removed the case to federal court, alleging federal subject matter under the Class Action Fairness Act (CAFA).  *Id.* At 404.  CAFA, however, applies

7

only to actions commenced on or after February 18, 2005. *Id.* at 405; *see* Class Action Fairness Act of 2005, Pub.L. 109-2, § 9, 119 Stat. 14 (2005). The Sixth Circuit held that, although plaintiff filed his original complaint before CAFA's effective date, the class claims were commenced upon the filing of the amended complaint, which took place after CAFA's effective date. *Id.* at 406. Because the amended complaint did not relate back to the original complaint under state law, CAFA applied and provided federal subject matter jurisdiction. *Id.*

Similarly, in *Adams v. Federal Materials Co. Inc.,* No. Civ.A. 5:05-cv-90-R, 2005 WL 1862378, at *1-2 (W.D.Ky. July 28, 2005)*,* plaintiffs argued that the original complaint, filed in March 2004, commenced the action well before CAFA was effective. After CAFA's effective date, however, a third party defendant was brought in via third-party complaint, and the original plaintiffs amended their complaint to assert a claim against the newly added defendant. *Id.* at *1. The court held that CAFA applied because "Plaintiffs' decision to add [third party defendant] as a defendant presents precisely the situation in which it can and should be said that a new action has 'commenced' for purposes of removal pursuant to the CAFA." *Id.* at *4. Put differently, "a party brought into court by an amendment, and who has, for the first time, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into court." *Id.* at *3 (quoting *United States v. Martinez*, 195 U.S. 469, 473 (1904)).

The Third Circuit recently analyzed the burgeoning caselaw in this area and found that the circuits have taken three general approaches to determining whether an action commenced before or after CAFA's effective date. *Farina v. Nokia Inc.*, 625 F.3d 97, 110-11 (3d Cir. 2010). The first approach, adopted by only the Ninth Circuit, looks exclusively

to the original complaint (ignoring any amendments) to determine when the action "commenced." *Id.* at 111 (citing *McAtee v. Capital One, F.S.B.*, 479 F.3d 1143, 1147-48 (9th Cir. 2007)). "The other two approaches both apply state-law principles governing the relation-back of pleadings for statutes of limitations to determine whether an amended complaint is distinct enough from the original complaint to commence a new case." *Id.* Under the approach adopted by the Sixth (in *Smith*), Eighth, and Tenth Circuits, the court applies ordinary relation-back rules to all amendments to the complaint. "If the amendment would not relate back to the pre-CAFA pleading, it constitutes a commencement of a new case." *Id.* The final approach, adopted by the Fifth and Seventh Circuits, also looks to relation-back rules, but categorically excludes the addition of a new defendant (unless done merely to correct a clerical error) or a distinct claim from relating back to the original complaint.[4] *Id.*

In *Farina*, the court concluded that the amended complaint "went beyond merely correcting an improper designation of a business entity" but instead named new and distinct parties. *Id.* at 113. Because the amended complaint "commenced a new action," which was "filed after the enactment of CAFA, [plaintiff's] claims became subject to its provisions." *Id.* at 112-13.

After summarizing the early stages of this caselaw, the court in *Werner v. KPMG LLP*, 415 F. Supp.2d 688, 700 (S.D.Tex. 2006) paused to consider why courts apply

---

[4] In *Farina*, the Third Circuit rejected the Ninth Circuit's approach but did not adopt either of the two remaining approaches because the amended complaint commenced a new action under both approaches: it added a new defendant and did not relate back under applicable state law. *Id.* at 112. Though the Court is guided by the Sixth Circuit's decision in *Smith*, as in *Farina*, the amended complaints in this case also do not relate back under Fifth and Seventh Circuit precedent because they added new defendants.

relation-back principles—normally reserved for statute of limitations inquires—to determine whether an action commenced before or after CAFA's effective date. The court concluded that "[t]hese courts do not apply relation-back rules because the CAFA issue turns on a limitations bar or because limitations has any role in the analysis." *Id.* Instead, "the relation-back concept is applied as an analytic tool, a way of determining whether amended pleadings so change the claims or parties as to be a new civil action, rather than a 'workaday change' that continues a pending action." *Id.*

For the same reason, the line of caselaw analyzing whether an action was commenced before or after CAFA's effective date applies here. This line of caselaw is particularly important because it applies the rule—that an amended complaint adding a new defendant commences a new action as to that defendant—beyond the statute of limitations context to the situation in this case, where an amended complaint adding a new defendant was filed after the effective date of a newly enacted statute. As directed by *Smith* and *Adams*, if the amended complaint commenced a new action after the new statute's effective date, the action is governed by the new statute. As in *Smith* and *Adams*, the statute at issue here determines whether the Court has jurisdiction to adjudicate the case.

**B. The Amended Complaints Asserting Claims Against Defendant Insurers and Franklin County Commenced New Actions After KRS § 91A.0804's Effective Date and Do Not Relate Back to the Date of the Original Class Complaint**

The only litigation pending on July 15, 2008 was Plaintiffs' original Class Complaint, which proposed a defendant class of municipalities defined as "[t]hose Kentucky counties that have enacted an insurance premium tax pursuant to K.R.S. 91A.080 and which have located within their boundaries one or more incorporated areas that have not enacted an

10

insurance premium tax." (Doc. # 1-24 at 5). Because the moving Defendants were not parties to the original Class Complaint,[5] Plaintiffs' claims against them did not commence until after July 15, 2008, when they were added via amended complaints. And because Plaintiffs did not commence litigation against the moving Defendants until after KRS § 91A.0804's effective date, subsection (8)'s administrative exhaustion requirement applies and deprives the Court of jurisdiction[6]—unless the amended complaints relate back to the date of the original Class Complaint. As in *Smith*, 505 F.3d at 405, because Plaintiffs' original and amended complaints were filed in Kentucky state court, Kentucky relation-back law applies.

Kentucky Rule of Civil Procedure (CR) 15.03 governs relation back of amendments and, as applied to this case, is the same as its federal counterpart. *See Schwindel v. Meade Cnty.*, 113 S.W.3d 159, 169 (Ky. 2003) ("CR 15.03(1) and (2) are identical to Federal Rule of Civil Procedure 15(c) except with respect to internal enumeration" and quoting a Supreme Court case interpreting the federal rule). Kentucky CR 15.03 provides:

(2) An amendment changing the party against whom a claim is asserted

---

[5] Part III(B)(2)(b) of this Memorandum Opinion & Order concludes that Defendant Franklin County does not satisfy the class definition proposed in Plaintiffs' original Class Complaint and was, therefore, not named in the original Class Complaint.

[6] Plaintiffs argue that because they filed their original Class Complaint by July 15, 2008, "[t]he only way exhaustion could be applied to Plaintiffs' claims against [Defendants] is if the statute is applied retroactively" or is remedial in nature. (Doc. # 27 at 5-8) (citing *Wright v. Morris*, 111 F.3d 414, 418-19 (6th Cir. 1997) for the proposition that "[a] new rule concerning the filing of complaints does not govern an action in which the complaint had already been properly filed under the old regime"). Plaintiffs' argument ignores the rule that an amended complaint adding a new defendant commences a new action as to that defendant. Because the actions against the moving Defendants commenced after KRS § 91A.0804's effective date, applying KRS § 91A.0804 is not retroactive.

relates back if the condition of paragraph (1)[7] is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by the amendment (a) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Because Defendant Insurers and Franklin County were added at different times and under different circumstances, the Court applies CR 15.03's relation-back analysis separately, first to Defendant Insurers, then to Defendant Franklin County.

### 1. The Third Amended Class Complaint Naming Defendant Insurers Does Not Relate Back to the Original Class Complaint

Plaintiffs' Third Amended Class Complaint, filed June 10, 2010, naming Defendant Insurers does not relate back to June 19, 2008, the date of the original Class Complaint, because the failure to name Defendant Insurers was not the result of a "mistake concerning the identity of the proper party," as required by CR 15.03(2)(b). (Doc. # 1-1 at 52). Instead, as Plaintiffs have argued since the outset of this litigation, their decision not to name Defendant Insurers before the Third Amended Class Complaint was intentional, and was grounded in their theory of liability. In fact, as Defendant Insurers point out, Plaintiffs actively resisted adding them, arguing in support of their Motion for Leave to File a Second Amended Class Complaint: "[T]he insurance companies that collect the Tax *on behalf* of the government agencies, including Kenton County, are not indispens[a]ble parties to this litigation." (Doc. # 1-12 at 13) (emphasis in original). Plaintiffs do not dispute this characterization, conceding that "as argued at length by Plaintiffs over the past two years,

---

[7] CR 15.03(1) provides: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Plaintiffs' 'target' is not the insurance companies."  (Doc. # 24 at 5).

Plaintiffs have not cited, and the Court has not uncovered, an interpretation of "mistake concerning the identity of the proper party" (as required by CR 15.03(2)(b) for relation back) that would cover Plaintiffs' conscious decision, and consistent resistance, to naming Insurers as defendants.

Instead, the court in *Reese v. General American Door Co.*, 6 S.W.3d 380, 383-84 (Ky.App. 1998) concluded that the plaintiffs' "mere failure to identify a potential defendant within the limitations period . . . is not the sort of mistake contemplated by part (2)(b) of CR 15.03." (citing *Nolph v. Scott, Ky.*, 725 S.W.2d 860 (1987)).  By contrast, the court explained, there was a mistake in identity where a confusing similarity in names led a plaintiff to name the wrong party, and also where a truck involved in an accident had a tag identifying the lessee, but the lessor (the proper party) was not identified anywhere on the truck or by its driver.  *Id.* (citing *Funk v. Wagner Mach., Inc.*, 710 S.W.2d 860 (Ky.App. 1986); *Clark v. Young*, 692 S.W.2d 285 (Ky.App. 1985)).

The court in *Phelps v. Wehr Constructors, Inc.*, 168 S.W.3d 395, 398 (Ky.App. 2004) similarly held that "[w]e do not read the word 'mistake' in CR 15.03(2)(b) to include a lack of knowledge," about the proper party because "ignorance does not equate to misnomer or misidentification."  The *Phelps* court determined that "[t]he requirement that a new defendant 'knew' he was not named due to a mistake concerning identity presupposes that in fact the reason for his not being named was a mistake in identity."  *Id.*  (quoting *Cornwell v. Robinson*, 23 F.3d 694, 705 (2nd Cir 1994)).

Interpreting the federal equivalent of CR 15.03(2)(b), the court in *Ford v. Hill*, 874 F.Supp. 149, 153 (E.D.Ky. 2005) confirmed that relation back "applies only where there has

13

been an error concerning the identity of the proper party rather than where, as here, there is a lack of knowledge of the proper party, the amended complaint in this case does not relate back to the filing of the initial complaint."

Because it was not the result of a mistake about Defendant Insurers' identity, but rather, a calculated and firmly held decision not to name Defendant Insurers until forced to do so by the state court, Plaintiffs' Third Amended Class Complaint does not relate back under CR 15.03(2)(b) to the date of the original Class Complaint.  Plaintiffs' Third Amended Class Complaint, therefore, commenced a new action against Defendant Insurers well after KRS § 91A.0804's effective date.  Accordingly, KRS § 91A.0804(8) deprives the Court of subject matter jurisdiction until KRS § 91A.0804's administrative remedies have been exhausted.

### 2.    Defendant Franklin County's Motion to Dismiss

### a.    The Law of the Case Doctrine Is Inapplicable Here

Defendant Franklin County makes the same argument as Defendant Insurers in support of its Motion to Dismiss.  Plaintiffs respond that the Court is precluded from reaching the merits of Franklin County's Motion to Dismiss by the "law of the case" doctrine, which directs that "rulings made at one point in the litigation should continue to govern in subsequent stages of that litigation."  *Niemi v. NHK Spring Co., Ltd.*, 543 F.3d 294, 308 (6th Cir. 2008) (citing *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004)).

Plaintiffs' argument is grounded in the state court's decision to permit them to file the Second Amended Class Complaint.  (Doc. # 27-1 at 4).  Defendant Franklin County opposed Plaintiffs' Motion for Leave to File a Second Amended Class Complaint, arguing that "the trial court has wide discretion regarding amendments and may consider factors

14

such as the failure to cure deficiencies by amendment or the futility of the amendment."
(Doc. # 1-16 at 24). Defendant Franklin County proposed several grounds upon which the
state court could find that Plaintiffs' Second Amended Class Complaint would be futile.
Franklin County again advances many of these same arguments in support of their pending
Motion to Dismiss. Plaintiffs contend that the Court is precluded from considering these
arguments anew in the context of Franklin County's Motion to Dismiss by the law of the
case doctrine because the state court previously rejected these arguments on the merits:
"After a full briefing and argument at the bench, Judge Sheehan considered and rejected
Franklin County's arguments, finding that they amounted to little more than a request for
summary dismissal." (Doc. # 27 at 4-5). The Court disagrees.

Plaintiffs overstate the reach of the state court's decision permitting them to file the
Second Amended Class Complaint. The plain language of the order, as well as the
unreasonable implications of finding that it was an adjudication on the merits, establishes
that the state court's decision permitting Plaintiffs to file the Second Amended Class
Complaint was not a ruling on the arguments Franklin County now raises in support of its
Motion to Dismiss. Because "[t]he law of the case doctrine 'has no application where the
issue in question was not previously decided,'" the doctrine does not affect the Court's
disposition of Franklin County's Motion to Dismiss. *Fortis Corporate Ins., SA v. Viken Ship
Mgmt. AS*, 597 F.3d 784, 792 (6th Cir. 2010) (quoting *Niemi*, 543 F.3d at 308).

First, Plaintiffs' premise—that allowing Plaintiffs to file the Second Amended Class
Complaint was necessarily, even if only implicitly, a ruling on the merits of Defendant's
arguments—is faulty. Defendant Franklin County urged the state court, in deciding whether
to permit Plaintiffs to file an amended complaint, to "consider factors such as the failure to

cure deficiencies by amendment *or* the futility of the amendment." (Doc. # 1-16 at 24) (emphasis added). In support, Franklin County cited *First National Bank of Cincinnati v. Hartman*, 747 S.W.2d 614, 616 (Ky.App. 1988), which states that "the trial court has wide discretion and *may* consider such factors as the failure to cure deficiencies by amendment or the futility of the amendment itself." (citing CR 15.01; Bertelsman and Philipps, 6 *Ky. Practice*, at 310 (1984)) (emphasis added). This permissive language reveals that although the state court was permitted to consider whether an amended pleading would be futile, it was not required to do so. Accordingly, that the state court permitted the amended complaint does not, absent evidence to the contrary, indicate that it considered—least of all based its ruling on—whether the amended complaint would be futile.

Second, the state court's order expressly declined to address Defendant's futility argument. It characterized "Defendants' opposition to the motion to amend . . . [as] little more than a request for summary dismissal on the lack of merits of the Plaintiffs' proposed claims." (Doc.# 27-1 at 3). In fact, the court chided the parties for taking "otherwise simple civil motions and morph[ing] them into vehicles to decide the case on the merits without the standard trial or even summary judgment practice." (Doc. # 27-1 at 3). Stating that "the parties are placing the cart before the horse," the state court concluded that "[i]t does not, however, feel at ease passing judgment on the merits of these claims in the context of the pending motions." (Doc. # 27-1 at 3). The state court nonetheless permitted Plaintiffs to file their Second Amended Class Complaint, reasoning:

> [I]t has always been the long standing tradition of our Courts to liberally and freely grant parties leave to amend their pleadings. There is no indication here that Plaintiffs' desire to amend their complaint is driven by bad faith or impure motives. Likewise, this Court finds no undue prejudice to the Defendants if the amendment is permitted.

16

(Doc. # 27-1 at 4). Noticeably absent from the state court's order, in light of Plaintiffs' law of the case argument, is any reference to futility.

Finally, accepting Plaintiffs' argument—that the state court's order permitting Plaintiffs to file the Second Amended Class Complaint was a ruling on the merits—would necessitate a series of conclusions not intended by the state court. For example, Defendant Franklin County argued that filing a second amended complaint would be futile because "Plaintiffs' claim attacking Franklin County's interpretation and implementation of KRS 91A.080 fails as a matter of law." (Doc. # 1-16 at 27). If the Court adopted Plaintiffs' law of the case argument, the state court's decision permitting Plaintiffs to file the Second Amended Class Complaint would operate as an adjudication of the legal question at the heart of this litigation. This is precisely the implication the state court sought to avoid by stating that it did "not, however, feel at ease passing judgment on the merits of these claims in the context of the pending motions." (Doc. # 27-1 at 3)

Because the state court's order permitting Plaintiffs to file the Second Amended Class Complaint did not adjudicate the issues Franklin County raised in arguing that an amendment would be futile, the law of the case doctrine does not preclude Defendant Franklin County from raising the same issues in support of its Motion to Dismiss.

**b.    The First Amended Class Complaint Naming Defendant Franklin County Does Not Relate Back to the Date of the Original Class Complaint**

Like Defendant Insurers, Defendant Franklin County argues that it was added after the effective date of KRS § 91A.0804 and, consequently, that Plaintiffs must exhaust their administrative remedies before the Court has jurisdiction. Plaintiffs respond that their First

Amended Class Complaint did not add parties, but "simply clarified specifically the names of the Defendants who were already named by description in Plaintiffs' original Complaint." (Doc. # 27 at 8). Defendant Franklin County counters that it was neither a named nor a theoretical defendant to Plaintiffs' original Class Complaint because it did not satisfy Plaintiffs' proposed defendant class definition.

Plaintiffs' original Class Complaint proposed a defendant class defined as: "Those Kentucky counties that have enacted an insurance premium tax pursuant to K.R.S. 91A.080 and which have located within their boundaries one or more incorporated areas that have not enacted an insurance premium tax." (Doc. # 1-24 at 5 ¶ 18). Plaintiffs, however, now emphasize the caption to the original Class Complaint, which named as defendants, "Kenton County, Commonwealth of Kentucky, as a representative party on behalf of all other Kentucky counties that have enacted insurance premium taxes"; they argue that this description includes Franklin County. (Doc. # 1-23 at 55). But, as the balance of the original Class Complaint makes clear, Plaintiffs' action was "against Kenton County, Kentucky ('Kenton County'), and certain other counties in the Commonwealth of Kentucky that have enacted insurance premium taxes as further defined below ('the Defendant Class')." (Doc. # 1-23 at 55). That is, Plaintiffs' original Class Complaint was directed against the proposed defendant class—not every county in Kentucky that had enacted an insurance premium tax.

The original Class Complaint proposed a defendant class consisting of "[t]hose Kentucky counties that have enacted an insurance premium tax pursuant to K.R.S. 91A.080 and which have located within their boundaries one or more incorporated areas that have not enacted an insurance premium tax." (Doc. # 1-24 at 5 ¶ 18). Franklin County

does not satisfy this definition. Franklin County has enacted an insurance premium tax on all unincorporated areas of the county. (Doc. # 22-4, Franklin County, Kentucky Ordinance No. 16). The City of Frankfort, however, is the only incorporated city in Franklin County,[8] and it has also enacted an insurance premium tax. (Doc. # 22-5, City of Frankfort, Kentucky, Ordinance No. 1137(A)). Thus, there is no incorporated area in Franklin County that has *not* enacted an insurance premium tax. This conclusion is confirmed by the affidavit of Franklin County Judge/Executive Ted Collins, in which he states that "[t]here are no areas or cities within Franklin county (unincorporated or incorporated) that are not subject to a six percent (6%) insurance premium tax." (Doc. # 22-3 ¶ 8).[9] Because there is no incorporated area in Franklin County that has *not* enacted an insurance premium tax, Franklin County does not satisfy the original Class Complaint's proposed defendant class definition.

This is not a technical conclusion, but one mandated by Plaintiffs' carefully crafted proposed class definition. Review of Plaintiffs' original Class Complaint confirms that

---

[8] The Kentucky Secretary of State's Land Office determines a community's incorporation status based on its compliance with KRS § 81.045; the Land Office lists the City of Frankfort as the only incorporated community in Franklin County. The Land Office's searchable database is available at http://apps.sos.ky.gov/land/cities. *Cf.* 81.010 (classifying Kentucky's cities and listing Frankfort as the only city in Franklin County).

[9] Plaintiffs contend that because this affidavit is outside the pleadings within the meaning of Rule 12(d), the Court either must not consider the affidavit or convert Franklin County's Motion to Dismiss into a motion for summary judgment. By its terms, Rule 12(d) applies only to Rule 12(b)(6) and Rule 12(c) motions—not to Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. *See also Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) ("In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits") (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 916 (6th Cir. 1986)). Even so, the Court need not rely on Judge/Executive Collins' affidavit because matters of public record—specifically, the ordinances enacting the insurance premium taxes—establish that Franklin County does not satisfy the proposed defendant class definition in Plaintiffs' original Class Complaint.

Plaintiffs' proposed class definition was not arbitrary, but was grounded in, and shaped by, their theory of liability. For example, Plaintiffs alleged that "[i]f the [insurance premium tax] bill is sent to a mailing address that is located within a Kentucky city that has <u>NOT</u> enacted its own tax, then the insurance company incorrectly assumes that the recipient of the bill must be required to pay the county tax." (Doc. # 1-24 at 4 ¶ 15) (emphasis in the original). Plaintiffs further alleged that the insurance companies "by default, collect the tax on every bill that is sent to a billing address in a county unless that billing address is within a city that also imposes the tax." (Doc. # 1-24 at 4 ¶ 16). These allegations could have only applied to counties that satisfied the class definition—that contain an incorporated area that has *not* enacted the insurance premium tax—and therefore did not apply to Franklin County, whose only incorporated area *has* enacted an insurance premium tax. In sum, the allegations in Plaintiffs' original Class Complaint, which led to the specific proposed class definition, confirm that Plaintiffs' original Class Complaint was not directed against, and did not name, Franklin County.

Because Defendant Franklin County was neither a named nor a theoretical defendant in Plaintiffs' original Class Complaint, the First Amended Class Complaint commenced a new action as to Franklin County on August 26, 2008, more than a month after KRS § 91A.0804's effective date. (Doc. # 1-23 at 6). Because Plaintiffs have not exhausted their administrative remedies, KRS § 91A.0804(8) deprives the Court of jurisdiction unless the First Amended Class Complaint relates back to the original Class Complaint. As with Defendant Insurers, it does not.

As was the case with Defendant Insurers, the fatal flaw in Plaintiffs' relation-back argument is CR 15.03(2)(b)'s requirement that "but for a mistake concerning [its] identity,"

20

an action would have been brought against Franklin County.[10]  Though a closer question than with Defendant Insurers, Plaintiffs do not put forward an argument or evidence that their failure to name Franklin County in the original Class Complaint was the result of a mistake regarding its identity.  Instead, Plaintiffs have since explained that they added Franklin County in the First Amended Complaint because Franklin County "was seeking to serve as a class representative, for all Kentucky counties, in an action which similarly challenged the improper tax collection practices pursuant to KRS § 91A.010."  (Doc. # 27 at 1 n.1).  This is not a "mistake concerning the identity of the proper party," as required by CR 15.03(2)(b).

Instead, as detailed above, the original Class Complaint's allegations resulted in a precise and calculated class definition—which did not include Franklin County or similarly situated counties.  Because Franklin County's absence (as a named and theoretical party) from the original Class Complaint was not the result of a mistake about its identity, but was the result of a conscious and strategic theory of liability, Plaintiffs' First Amended Class Complaint does not relate back to the date of the original Class Complaint.  Accordingly, KRS § 91A.0804(8) deprives the Court of jurisdiction because Plaintiffs have not exhausted

---

[10]  Plaintiffs emphasize that the original Class Complaint's broadly worded caption, in addition to Defendant Franklin County bringing an independent action against the insurance companies, demonstrate that "at the time Plaintiffs named Franklin County to this case, Franklin County had actual knowledge of the factual and legal issues in this case."  (Doc. # 27 at 10). Whether Franklin County had knowledge of this case is independent of CR 15.03(2)(b)'s "mistake" requirement.

Interpreting the federal equivalent of CR 15.03(2)(b), the court in *Burdine v. Kaiser*, No. 3:09-cv-1026, 2010 WL 2606257, at *3 (N.D.Ohio June 25, 2010) reminded plaintiffs that all of the relation-back requirements must be satisfied: "A distinction may be drawn, however, between the notice requirement of Rule 15(c)(1)(C)(i) and the mistake requirement of Rule 15(c)(1)(C)(ii).  Even if the parties had notice that plaintiffs might sue them, adding them relates back only if they know that it was due to a mistake that they were not sued."  Plaintiffs here have offered no evidence that their failure to name the moving Defendants in their original Class Complaint was a mistake.

their administrative remedies.

## IV. CONCLUSION

Because Plaintiffs have not exhausted the administrative remedies set out in KRS § 91A.0804, the Court does not have subject matter jurisdiction over Plaintiffs' claims. Accordingly, **IT IS ORDERED** that:

1. The Rule 12(b)(1) Motions to Dismiss by Defendants Allstate (Doc. # 16), AIC-Hartford and Standard Fire (Doc. # 20), and Franklin County (Doc. # 22) are **GRANTED**;

2. The Rule 12(b)(6) Motions to Dismiss by Defendants Allstate (Doc. # 16), AIC-Hartford and Standard Insurance (Doc. # 20), and Franklin County (Doc. # 22) are **DENIED as moot**;

3. Defendants Allstate, AIC-Hartford, Standard Insurance, and Franklin County are **DISMISSED without prejudice**;

4. Plaintiffs' Motion for Summary Judgment (Doc. # 1-7 at 48) and to Certify a Class (Doc. # 1-8 at 3) are **DENIED without prejudice**.

This 22nd day of February 2011.



Signed By:

*David L. Bunning*

United States District Judge

G:\DATA\ORDERS\Cov10\10-156-Grant MTDs.wpd